## SARAH DULIN AND J. W. DULIN
### v.
## EZRA M. PRINCE.

*Replevin — Contract to Convey Real Estate — Collateral Security — Chattel Mortgage—Former Adjudication.*

1. A former adjudication does not bar a matter not made an issue or necessarily involved therein.

2. In an action of replevin brought by a mortgagee to obtain possession of chattels mortgaged to secure a note given as collateral security for the execution of a contract to convey real estate, this court declines to interfere with the judgment for plaintiff.

[Opinion filed November 23, 1888.]

APPEAL from the County Court of McLean County; the Hon. C. D. MYER, Judge, presiding.

Messrs. TIPTON & BEAVER, for appellants.

It is a well settled rule of law that a party can not occupy inconsistent positions, and where one has an election between several inconsistent courses, he will be confined to that which he first adopts. Any decisive act of the party done with

knowledge of his rights and of the fact, determines his election and works an estoppel.   Bigelow on Estoppel, 578; Herrington v. Hubbard, 1 Scam. 569; Derrickson v. Krause, 4 Ill. App. 508.

Appellee had two remedies: one to proceed by bill in chancery for specific performance, and the other by action at law for damages; and in this event he held the chattel mortgage as collateral security, unless it shall be determined that appellee simply took the mortgage to enable appellants to get their goods out of the State.

It is not claimed that appellee gave any consideration for the chattel mortgage other than as it formed a part of the contract of September 7, 1886, and the court clearly erred in refusing to allow defendants to prove this fact, that if the mortgage was given for the purpose claimed by appellants then appellee could not recover as it was in fraud of creditors of the appellants.   Miller v. Morckle, 21 Ill. 153; Whitson v. McFarland, 22 Ill. 40; Reidle v. Munlausen, 20 Ill. App. 74; Lill v. Brant, 6 Ill. App. 374; Dunaway v. Robertson, 95 Ill. 426.

Where a party has two or more remedies for the same wrong, in which the measure of damages might be different, electing one and pursuing it to judgment is a bar to any other remedy.   Walshehal v. Chesapeake & O. C. Co., 59 Md. 423; Wan v. Percival, 61 Mo. 391; Goodrich v. Yale, 97 Mass. 15; Beale v. Pearre, 12 Md. 566; Bunker v. Tufts, 57 Me 417; Bennettshal v. Hood, 1 Allen, 47; Sweet v. Barclay, 53 Me. 346; Smith v. Way, 9 Allen, 472; Holbrook v. Foss, 27 Me, 441; Warren v. Cumings, 6 Cush. 103; Morton v. Dougherty. 3 Gray, 372; R. R. Co. v. National Bank, 102 U. S. 14; Crogin v. Lowell, 109 U. S. 194; Briscoe v. Lloyd, 64 Ill. 33; Hicks v. Chapin, 67 Ill. 375; Peterson v. Nehf, 80 Ill. 25.

A judgment on decree is conclusive on the parties.   Howley v. Simons, 102 Ill. 115; Cooper v. Cubin, 105 Ill. 224.

And it is equally true that when a party has his election to proceed at law or in equity, if he proceeds at law he is estopped from proceeding in equity.   Hanley v. Shelly, 62 Col. 155; Wells, Fargo & Co. v. Robinson, 13 Col. 141; Hicks v. Chapin, 67 Ill. 375; Cranson v. Smith, 47 Mich. 647.

If the chattel mortgage was collateral and part of the contract as found by the decree, then the decree bars any right of recovery on the chattel mortgage. The principle of *res adjudicata* embraces not only what was, but what might have been decided in the case. Rogers v. Higgins, 67 Ill. 244; Shelly v. Dunlin, 70 Ill. 378; Ruegger v. Ind. & St. L. R. R. Co., 103 Ill. 449; Stockton v. Ford, 1 Blackf. 360; Stockton v. Ford, 18 How. 518; Hicks v. Chapin, 67 Ill. 375; Briscoe v. Lloyd 64 Ill. 33.

"This principle of *res adjudicata* embraces not only what actually was determined in the former case but also extends to any other matter properly involved and which might have been raised and determined in it." Rogers v. Higgins, 67 Ill. 247; Tilley v. Bridges, 105 Ill. 336; Hanna v. Read, 102 Ill. 599.

Mr. FRANK R. HENDERSON, for appellee.

The consideration and *bona fide* of the note and mortgage were *res adjudicata* by the decree in the chancery case. Wherever a judgment can not be rendered without deciding specific issues it will be conclusive on those issues in any future litigation between the same parties. 1 Herman on Estoppel and Res Adjudicata, 232, Sec. 210.

Appellee is not estopped by that decree from maintaining his suit, a former judgment being no bar to a matter not made an issue or necessarily involved in the former suit, or which, under the pleadings in the former suit, could not have been decided. 6 Wait's Actions and Defenses, 785, Sec. 28; Bentley v. O'Brien, 111 Ill. 53; Lloyd v. Lee, 45 Ill. 278; West v. Jarnett, 3 Har. & J. 485; Barth v. Burt, 43 Barb. 628.

CONGER, J. The appellants, on the 7th of September, 1886, entered into a written agreement with appellee, by the terms of which appellee was to procure for appellants a United States homestead right to 160 acres of land in Kansas, and appellants were to convey to appellee twenty acres of land in McLean county. To secure performance on the part of appellants, they at the time executed to appellee a chattel mort-

gage on certain property, to secure their note of $500, given to appellee.

Appellants refusing to comply with their agreement to convey the twenty acres, a bill in chancery was filed, and a decree rendered requiring them to convey, and upon default that the master should. The decree also found that the chattel mortgage was given as collateral security to secure the performance of the agreement to convey.

Afterward appellee brought an action of replevin for the goods and chattels included in the chattel mortgage, recovered them below, and appellants bring the record of that replevin suit for review.

We see no grounds for complaint upon the part of appellants. The validity, good faith and purpose of the chattel mortgage were adjudicated and determined in the chancery proceedings, and no more.

How much appellee might be entitled to recover under his chattel mortgage was not before that court, and could not have been determined at that time. That court did determine that it was given to secure the performance by appellants of their part of the written agreement, and it follows that the mortgage is a valid one, and that the possession of the property described in it would rightfully pass to appellee as under any other chattel mortgage. When appellee has been repaid for all such things as the mortgage contemplated he should be secured in, then it will be time for appellants to demand a settlement and repayment of the balance, if there be any.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*